# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8351 | **DATE** | 4/19/2012 |
| **CASE TITLE** | Craig Armstrong (#00125673) vs. John Zaruba, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff is granted thirty days to show cause in writing why his remaining claim in the third amended complaint [17] should not be dismissed without prejudice for failure to exhaust his administrative remedies. The Clerk is directed to send Plaintiff a copy of this order. Plaintiff's failure to comply with this order will result in dismissal of this case on the understanding that he does not wish to proceed with this action in federal court at this time.

■[For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff, Craig Armstrong, a detainee at the DuPage County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On December 21, 2011, Plaintiff was allowed to proceed *in forma pauperis*, however, his complaint was dismissed without prejudice for failure to state a claim upon which relief could be granted. On February 6, 2012, Plaintiff's amended complaint was dismissed without prejudice for failure to state a claim. On March 21, 2012, Plaintiff's second amended complaint was also dismissed without prejudice for failure to state a claim. Plaintiff has now filed a third amended complaint.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of Plaintiff's third amended complaint.

Plaintiff first alleges that on October 7, 2011, he was taken to the DuPage County Jail and placed in a bull pen that had trash all over the floor and a toilet that had waste in it. Plaintiff was forced to eat in the filthy cell and to sleep on the floor of the filthy cell for two days. When Plaintiff complained about the conditions of the cell, he was handcuffed to a bench for the night. Plaintiff was then taken to a new cell for three days that was also filthy.

Plaintiff raises several more claims in his third amended complaint related to his detention at the DuPage County Jail; however, all of the remaining claims are unrelated to his first claim and are based on conduct that occurred after Plaintiff filed suit. These unrelated claims cannot be brought in a single suit, *see George v. Smith*, 507 F.3d 605, 606-07 (7th Cir. 2007), and, more importantly, because all of the alleged conduct occurred after Plaintiff filed suit, Plaintiff could not have exhausted his administrative remedies as to these claim prior to filing suit. As the third amended complaint is the first complaint filed by Plaintiff that includes the relevant dates, his failure to exhaust had not been apparent in his previous complaints.

Exhaustion of administrative remedies, pursuant to the Prison Litigation Reform Act, is required for all prisoner suits seeking redress for prison circumstances or occurrences, regardless of whether they involve general circumstances of incarceration or particular episodes. *See Porter v. Nussle*, 534 U.S. 516 (2002). Under 42 U.S.C. § 1997e(a), the court is directed to dismiss a suit brought with respect to prison conditions if the court determines that plaintiff has failed to exhaust his administrative remedies. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532 (7th Cir. 1999).

A prisoner/detainee must take all the steps required by the prison's grievance system in order to exhaust his administrative remedies properly. *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-24 (7th Cir. 2002). Moreover, exhaustion is a precondition to filing suit, so that a prisoner's attempt to

| **STATEMENT** |
|---|

exhaust available administrative remedies in the midst of litigation is insufficient. *See Ford*, 362 F.3d at 398; *Perez*, 182 F.3d at 536-37 (emphasis added). While failure to exhaust is normally an affirmative defense, if the plaintiff's failure to exhaust appears on the face of the complaint, the complaint should be dismissed without prejudice. *Massey v. Wheeler*, 221 F.3d 1030, 1033 (7th Cir. 2000).

    Here, other than his first claim related to his initial arrival at the DuPage County Jail, all additional claims are based on conduct that occurred after Plaintiff field suit. Thus, he could not have exhausted his administrative remedies as to these claims prior to filing suit. This is further supported by exhibits Plaintiff attached to his third amended complaint, including several grievances filed in 2012 that relate to his additional claims. Thus, Plaintiff cannot proceed on the addition claims because he had not fully exhausted his administrative remedies as to these claims prior to filing suit..

    As to the one claim that is based on conduct that occurred prior to filing suit, Plaintiff alleges that he arrived at the DuPage County Jail the night of October 7, 2011, and that he was detained under inhumane conditions for 5-6 days. Plaintiff signed his complaint on October 25, 2011, shortly after the alleged inhumane detention. Plaintiff does not attach any grievances related to this first claim as he did for the later claims. However, based on this very short time frame, it does not appear that Plaintiff could have fully exhausted his administrative remedies as to this claim prior to filing suit. Accordingly, Plaintiff must show cause in writing why his remaining claim in the third amended complaint should not be dismissed without prejudice for failure to exhaust his administrative remedies.

    Plaintiff is granted thirty days to show cause in writing why his remaining claim in the third amended complaint should not be dismissed without prejudice for failure to exhaust his administrative remedies. Plaintiff's failure to comply with this order will result in dismissal of this case on the understanding that he does not wish to proceed with this action in federal court at this time.